UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILBER PORTOCARRERO PERLAZA,

    Movant,

v.

    Case No. 8:21-cv-1912-WFJ-TGW
    Crim. Case No.8:20-cr-215-WFJ-TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Before the Court is Movant's "Motions and Requests" (cv Doc. 1) which is construed as a motion to vacate his conviction under 28 U.S.C. § 2255. Because his direct appeal is still pending (see Case No. 21-12528-B, Eleventh Circuit Court of Appeals), this Court lacks jurisdiction to adjudicate the motion to vacate. *See United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001) ("We conclude that the district court lacked jurisdiction to consider and rule on Dunham's § 2255 motion during the pendency of her direct appeal of her sentence, and therefore her appeal of the district court's denial of that motion is dismissed without prejudice and the district court's order denying Dunham's § 2255 motion is vacated without prejudice to Dunham's right to file a § 2255 motion after the disposition of her direct appeal."); *United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) ("[A]bsent

1

extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief.") (citations omitted).[1]

Accordingly:

1. The construed motion to vacate (cv Doc. 1) is **DISMISSED** for lack of jurisdiction. The dismissal is without prejudice to Movant filing a motion to vacate after final disposition of his direct appeal.

2. The **Clerk** must close this case.

**ORDERED** in Tampa, Florida, on August 23, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copy to: Movant, *pro se*

---

[1] Respondent should disregard the Court's order to file a response at docket 2.